IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE DUDLEY and BETH DUDLEY, individually and on behalf of all others similarly situated, </br></br> Plaintiffs, </br></br> vs. </br></br> PUTNAM INTERNATIONAL EQUITY FUND and PUTNAM INVESTMENT MANAGEMENT L.L.C., </br></br> Defendants. | ) ) ) ) ) ) ) ) **CIVIL NO. 03-852-GPM** ) ) ) ) ) ) ) |
| STEVE DUDLEY and BETH DUDLEY, individually and on behalf of all others similarly situated, </br></br> Plaintiffs, </br></br> vs. </br></br> PUTNAM INVESTMENT FUNDS and PUTNAM INVESTMENT MANAGEMENT L.L.C., </br></br> Defendants. | ) ) ) ) ) ) ) ) **CIVIL NO. 03-853-GPM** ) ) ) ) ) ) ) |

## **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

      These cases were set for a hearing on Monday, January 26, 2004, but the district court was closed and the hearing was cancelled due to inclement weather. The Court being keenly aware of Plaintiffs' request for prompt consideration of the Court's subject matter jurisdiction in light of a pending transfer to the Judicial Panel on Multidistrict Litigation, the Court will rule without a

hearing. These cases do not belong in the federal district court, and there is no reason they should be swept into a massive MDL proceeding.

## BACKGROUND

Plaintiffs, Steve and Beth Dudley, filed these actions in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, on November 10, 2003 (*see* Doc. 2). Broadly speaking, the Dudleys are long-term mutual fund investors who claim that the value of their shares were diluted by certain Putnam practices. Putnam removed both actions to this Court on December 15, 2003, arguing that both cases are removable pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") and that the complaints present a substantial federal question. A timely filed motion to remand followed.

## ANALYSIS

"[T]he burden of establishing federal jurisdiction falls on the party seeking removal." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Courts must interpret removal statutes narrowly and "presume that the plaintiff may choose his or her forum." *Id.* "Any doubt regarding jurisdiction should be resolved in favor of the states." *Id.* (citations omitted). Under the complete preemption doctrine, a state law claim becomes a federal question only when Congress intends that a federal statute completely preempts the field of law. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987).

Congress passed the SLUSA in order to "'prevent plaintiffs from seeking to evade the protections that federal law provides against abusive litigation by filing suit in State, rather than federal, courts.' With some exceptions, SLUSA made the federal courts the exclusive fora for most class actions involving the purchase and sale of securities." *In re Lutheran Bhd. Variable Ins.*

*Prods. Co. Sales Practices Litig.*, 105 F. Supp. 2d 1037, 1039 (D. Minn. 2000) (citations omitted). To establish that Plaintiffs' claims fall within SLUSA's preemptive scope, Putnam must show: (1) the action is a "covered class action" under SLUSA, (2) the action purports to be based on state law, (3) the defendant is alleged to have misrepresented or omitted a material fact (or to have used or employed any manipulative or deceptive device or contrivance), and (4) the defendant is alleged to have engaged in conduct described by criterion (3) "in connection with" the purchase or sale of a "covered security." 15 U.S.C. § 78bb(f)(1)-(2). *See also Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002).

      Here, the Court agrees with the Dudleys that Putnam is unable to establish the fourth requirement for SLUSA preemption. The claims in both complaints are not claims "in connection with the purchase or sale of a covered security." Only *holders* of fund shares have the dilution of ownership interests and voting rights claims asserted in the complaints. The class the Dudleys seek to represent consists only of "long term shareholders," defined as persons who have owned shares for more than fourteen days. (*See* Doc. 2 at ¶ 37.) There is no claim asserted by a purchaser or seller; the claims are brought by those who *held* shares. These claims are not actionable under Section 10(b)(5) of the 1934 Securities and Exchange Act, and they are not removable under SLUSA. *See also Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975).

      Finally, the Court questions whether the doctrine of substantial federal question remains viable in light of the Supreme Court's decision in *Beneficial Nat'l Bank v. Anderson*, 123 S. Ct. 2058 (2003). Even if the theory remains viable, these cases do not present a substantial federal question.

## CONCLUSION

This Court lacks subject matter jurisdiction over these actions. Accordingly, Plaintiffs' motions to remand (Doc. 5 in both cases) are **GRANTED**, and these actions are **REMANDED** to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

DATED this 27th day of January, 2004.

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge